**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-10175 JAK (MANx) | Date | August 16, 2012 |
|---|---|---|---|
| Title | Mayo Granados v. Supervalu, Inc., et al. | | |

Present: The Honorable  JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS CERTAIN CAUSES OF ACTION (Dkt. 11)  JS-6

## I. INTRODUCTION

The issue presented on this motion is whether Plaintiff Mayo Granados ("Plaintiff") is judicially estopped from advancing employment discrimination claims against his former employers that accrued prior to Plaintiff's bankruptcy. Plaintiff did not disclose these claims in connection with his bankruptcy, which resulted in a complete discharge of Plaintiff's debt. For the reasons set forth in this Order, the Court now GRANTS Defendants' motion to dismiss Plaintiff's first four causes of action with prejudice, and REMANDS Plaintiff's fifth claim to the California Superior Court for the County of Los Angeles for lack of subject matter jurisdiction.

## II. PROCEDURAL BACKGROUND

On March 12, 2012, the Court held its initial hearing on this motion, which was brought by Defendants Supervalu, Inc., Albertson's, New Albertson's, and American Stores Company, LLC (collectively, "Defendants"). At the hearing, the Court granted Defendants' motion to dismiss Plaintiff's first four causes of action and stated that it would remand the fifth cause of action to the California Superior Court. Dkt. 28. However, the Court stayed execution of that ruling for 45 days, until May 1, 2012, and set a status conference for April 30, 2012, to permit Plaintiff an opportunity to seek to reopen his bankruptcy and seek to disclose his employment-related claims in some retroactive manner. In advance of the status conference, each side submitted a status report. On April 24, 2012, Plaintiff reported that he had successfully reopened his bankruptcy case, and that a hearing would be held on June 5, 2012 in relation to a potential compromise. Dkt. 30. On April 25, 2012, Defendants submitted a status report setting forth their position that regardless of whether Plaintiff succeeded at reopening his bankruptcy, Plaintiff is judicially estopped from asserting the undisclosed employment claims. Dkt. 31.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-10175 JAK (MANx) | Date | August 16, 2012 |
|---|---|---|---|
| Title | Mayo Granados v. Supervalu, Inc., et al. | | |

The Court held the status conference as scheduled on April 30, 2012. Dkt. 32. After each side presented its present position, the Court took the issue of judicial estoppel under submission. *Id.*

### III.     BACKGROUND

Plaintiff alleges that he was employed by Defendants for over 14 years as an Assistant Store Director. Compl. ¶ 8, Notice of Removal, Exh. A, Dkt. 1. He alleges that he suffered from a physical disability as a result of spine and lower back injuries and herniated discs, and the perceived and mental disability associated with anxiety and depression. Compl. ¶ 9. Plaintiff states that he filed a Workers' Compensation claim based on these disabilities, and that following the submission of such claim, Defendants created a hostile work environment and harassed, discriminated and retaliated against Plaintiff. He contends that he was wrongfully terminated on April 5, 2010. Compl. ¶¶ 10-22.

On June 30, 2010, Plaintiff filed a Bankruptcy Petition under Chapter 7. 11 U.S.C. Ch. 7. However, in that Petition, Plaintiff did not disclose as an asset his potential employment discrimination and wrongful termination causes of action against Defendants or his potential recovery from such claims. Plaintiff's bankruptcy was discharged on November 9, 2010, and closed on December 3, 2010. Dkt. 11; Request for Judicial Notice ("RJN"), Exhs. B-C, Dkt. 12.

Approximately 11 months later, on October 28, 2011, Plaintiff filed this action in the Los Angeles County Superior Court. Plaintiff's complaint advanced five causes of action: (i) perceived and/or physical disability discrimination, harassment and retaliation in violation of California Government Code § 12940 *et seq.*; (ii) perceived and/or mental disability discrimination, harassment and retaliation in violation of California Government Code § 12940 *et seq.*; (iii) violation of California Family Rights Act, California Government Code § 12945.2 *et seq.*; (iv) retaliation and wrongful termination in violation of public policy; and (v) violation of California Labor Code § 226 *et seq.*

On December 8, 2011, Defendants removed the action to this Court on the basis of diversity jurisdiction. Plaintiff moved to remand the action, arguing that the amount in controversy does not exceed $75,000, and that the fourth cause of action for wrongful termination in violation of public policy arises under California Workers' Compensation laws and cannot be removed to federal court. The Court denied Plaintiff's motion to remand at the March 12, 2012 hearing. Dkt. 28.

In the instant motion, Defendants seek dismissal of Plaintiff's first four causes of action. They contend that Plaintiff lacks standing because the claims belonged to the bankruptcy estate and that he is judicially estopped from bringing them because they were not identified as an asset during the course of the bankruptcy proceedings. Dkt. 11.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-10175 JAK (MANx) | Date | August 16, 2012 |
|---|---|---|---|
| Title | Mayo Granados v. Supervalu, Inc., et al. | | |

### IV. ANALYSIS

#### A. Judicial Estoppel

##### 1. Legal Standard

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001). Courts consider three factors in evaluating the applicability of judicial estoppel: "(1) whether a party's later position is 'clearly inconsistent' with its original position; (2) whether the party has successfully persuaded the court of the earlier position[;] and (3) whether allowing the inconsistent position would allow the party to 'derive an unfair advantage or impose an unfair detriment on the opposing party.'" *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 750, (2001)).

"In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton*, 270 F.3d at 784. The purpose of judicial estoppel is to protect the integrity of the bankruptcy process. *Id.* at 785. The "*integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets.* The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding." *Id.* (italics in original). "The Bankruptcy Code and Rules impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims.*" *Id.* (italics in original; internal quotations omitted). "The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding." *Id.*

##### 2. Application

Each of the three operative factors is met. First, Plaintiff's later position, the filing of this action, is clearly inconsistent with his original position, the failure to identify his causes of action as an asset in his bankruptcy schedules, *i.e.*, that he had no such claims. *See id.* at 784 (noting that the debtor "clearly asserted inconsistent positions" by failing to disclose claims and then advancing such claims). Second, Plaintiff "successfully persuaded" the bankruptcy court of his earlier position when that court discharged Plaintiff's debts in reliance on his incomplete bankruptcy schedules. *See id.* ("[A] discharge of debt by a bankruptcy court… is sufficient acceptance to provide a basis for judicial estoppel, even if the discharge is later vacated."). Third, Plaintiff derived an unfair advantage by receiving a discharge of his debts. Thus, Plaintiff's employment discrimination and wrongful termination claims meet the factors for application of judicial estoppel.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-10175 JAK (MANx) | Date | August 16, 2012 |
|---|---|---|---|
| Title | Mayo Granados v. Supervalu, Inc., et al. | | |

**B.     Relevance of Plaintiff's Knowledge and Good Faith**

1. <u>The Parties' Arguments</u>

Plaintiff contends that he was unaware of his potential claims against Defendants until he met with his attorney in April 2011. This occurred one year after the termination of his employment and after the conclusion of his bankruptcy. Because he claims that he was unaware of a viable basis for any wrongful termination claims prior to this time, he contends that he did not act in bad faith when he completed his bankruptcy schedules without identifying as assets the causes of action that he brings in this case. For these reasons, Plaintiff contends that judicial estoppel should not bar his claims.

Defendants contend that Plaintiff need not have been aware of the exact causes of action; instead, the law requires only knowledge of facts giving rise to the claims. Defendants contend that it is clear from Plaintiff's complaint that he was aware of the facts giving rise to his discrimination and wrongful termination claims at the time he was terminated inasmuch as he alleges, *inter alia,* that he was harassed and the subject of discrimination while an employee. Defendants also assert that good faith is not relevant because the Ninth Circuit has not recognized an exception to judicial estoppel in cases of inadvertence or mistake.

2. <u>Legal Standard</u>

"Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Hamilton*, 270 F.3d at 784. *See also Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) ("We recognize that *all* facts were not known to [the plaintiff] at that time, but enough was known to require notification of the existence of the asset to the bankruptcy court; the debtor must disclose any litigation likely to arise in a nonbankruptcy context."). As one court explained:

> *Hamilton*, *Hay*, and *Monroe County Oil* make it clear that the duty of the bankruptcy petitioner to disclose the existence of a potential claim is not a formalistic duty predicated on the procedural status of a claim, but is a duty of candor that accrues from the time the facts that give rise to the potential claim are known. *Hay*, 978 F.2d at 557. It is also clear… that the subjective intent of the bankruptcy petitioner at the time of the bankruptcy filing to pursue or not pursue the claims is not relevant. The duty of the bankruptcy petitioner is to disclose all actual and potential assets of the bankruptcy estate, not just those assets the petitioner may subjectively choose to pursue…. Whether Plaintiff's intentions were innocent when she made the representation to the bankruptcy court that she had no potential claims does not directly enter into the determination of whether judicial estoppel applies.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-10175 JAK (MANx) | Date | August 16, 2012 |
|---|---|---|---|
| Title | Mayo Granados v. Supervalu, Inc., et al. | | |

*Rose v. Beverly Health & Rehab. Servs.*, 356 B.R. 18, 25-27 (E.D. Cal. 2006).

      3.    <u>Application</u>

The issue presented here with respect to estoppel is not whether Plaintiff acted in good faith when he failed to disclose his present claims during the course of the bankruptcy. Under the standard set forth by the Ninth Circuit in *Hamilton* and *Hay*, the issue is instead whether Plaintiff had sufficient factual knowledge about the conditions of his employment to know that a *potential* cause of action existed during the pendency of his bankruptcy. Plaintiff's complaint alleges the following: "When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's perceived and/or mental disability(s) and/or complaints about the unlawful conduct were motivating reasons and/or factors in Defendants' conduct." Compl. ¶ 56. In his wrongful termination in violation of public policy claim, Plaintiff alleges that Defendants retaliated against, discriminated against, and terminated him in part "for complaining about such discrimination and retaliation." *Id.* at ¶¶ 82-84. Similar allegations are repeated throughout the complaint. Nothing in these allegations or in Plaintiff's opposition to Defendants' motion suggests that, during the pendency of his bankruptcy, Plaintiff lacked knowledge of the facts giving rise to these claims. Indeed, it would be neither logical nor credible for Plaintiff to so contend. Thus, the issue is whether he was aware of his working conditions and Defendants' allegedly discriminatory and retaliatory motivation, not whether he knew what causes of action might arise from them. Accordingly, Plaintiff was obligated to disclose his potential claims to the bankruptcy court, regardless of whether he intended to pursue them or fully understood that they had accrued. Because he had knowledge of sufficient facts to give rise to his claims, and because the three factors for judicial estoppel are met, Plaintiff is judicially estopped from advancing his employment discrimination and wrongful termination claims.

    **C.    Significance of Reopening Plaintiff's Bankruptcy Proceedings**

Although the Court previously provided Plaintiff the opportunity to seek to reopen his bankruptcy and disclose these claims, *see* Dkt. 28, the Court finds that Plaintiff is judicially estopped from advancing his employment discrimination and wrongful termination claims regardless of whether he now discloses them. The policies underlying the doctrine of judicial estoppel and the bankruptcy laws require that failure to disclose potential assets act as a complete bar to later recovery. The Eleventh Circuit explained these policies as follows:

> The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [the plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-10175 JAK (MANx) | Date | August 16, 2012 |
|---|---|---|---|
| Title | Mayo Granados v. Supervalu, Inc., et al. | | |

*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002). As the Ninth Circuit observed in *Hamilton*,

> we must invoke judicial estoppel to protect the integrity of the bankruptcy process. The debtor, once he institutes the bankruptcy process, disrupts the flow of commerce and obtains a stay and the benefits derived by listing all his assets. The Bankruptcy Code and Rules impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims. … [The plaintiff's] failure to list his claims against [the defendant] as assets on his bankruptcy schedules deceived the bankruptcy court and [the plaintiff's] creditors, who relied on the schedules to determine what action, if any, they would take in the matter.

270 F.3d at 785.

These rules control in this action. Thus, to protect the integrity of the bankruptcy system and of the courts, Plaintiff must be estopped from asserting his claims even if he were to re-open his bankruptcy, seek to disclose them and have them pursued as assets of the estate.[1] It would be inconsistent with the important policies requiring a full and open disclosure of assets to permit this course. Thus, creditors who may have participated in the bankruptcy process two years ago, may not have the interest or incentive to participate anew. It would be unfair, therefore, for Plaintiff to be permitted to pursue claims now that could result in a greater benefit to him than he would have attained had they been disclosed as part of the 2010 bankruptcy process. The policy that requires a full and open disclosure must be respected, lest debtors seek to conceal asserts during their bankruptcies in order to seek to attain greater personal benefits from them by re-opening the proceeding years later. Although in any one case the result of this policy could mean that creditors would be denied the potential benefit of the proceeds that could result from the pursuit of undisclosed claims, enforcement of these policies overrides this possibility; they are essential to protect all creditors and to ensure the integrity of the bankruptcy system.

---

[1] Because judicial estoppel bars Plaintiff from advancing these claims, the Court need not reach Defendants' argument that Plaintiff lacks standing. Notably, unlike judicial estoppel, which cannot be cured through the reopening of Plaintiff's bankruptcy, Plaintiff could potentially acquire standing by reopening his bankruptcy and entering into an agreement under which he would be authorized to advance the claims on behalf of himself and/or his former creditors. *See Ortiz v. Sodexho Operations, LLC*, Nos. 11-CV-1295 JLS (RBB) & 10-CV-2224 JLS (RBB), 2011 U.S. Dist. LEXIS 111208, at *10 (S.D. Cal. Sept. 27, 2011) (noting that the plaintiff had standing after reopening her bankruptcy because the claims were sold to a third party who authorized the plaintiff to advance them, but nonetheless finding that the claims were barred by judicial estoppel).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-10175 JAK (MANx) | Date | August 16, 2012 |
|---|---|---|---|
| Title | Mayo Granados v. Supervalu, Inc., et al. | | |

**V.    CONCLUSION**

      For the foregoing reasons, the Court finds that Plaintiff is judicially estopped from advancing his first, second, third and fourth causes of action for employment discrimination and wrongful termination. Thus, the Court dismisses these claims with prejudice. Plaintiff's fifth claim for violation of California Labor Code § 226 is remanded to the Superior Court for the State of California, County of Los Angeles, Central District, Case No. BC472439.

**IT IS SO ORDERED.**

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | ak | |